IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARY S. HARRIS,            )
                           )
v.                         )     No. 3:06-0463
                           )
MICHAEL J. ASTRUE,         )
    Commissioner of Social Security  )

To:  Honorable Thomas A. Wiseman, Jr., Senior District Judge

REPORT AND RECOMMENDATION

The plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying the plaintiff's claims for a Period of Disability and Disability Insurance Benefits ("DIB") as provided by the Social Security Act.

The plaintiff filed her complaint with this Court on May 11, 2006. (Docket Entry No. 1) The defendant filed the certified transcript (Docket Entry No. 8) and an answer (Docket Entry No. 9) on July 12 and 13, 2006, respectively. This Court entered an order setting the briefing schedule in this matter on July 17, 2006. (Docket Entry No. 10.) Upon the plaintiff's motion (Docket Entry No. 11), the time for the plaintiff to file her motion for judgment on the record was extended to October 19, 2006. When the plaintiff did not file

a motion by that date, the government moved for an order to show cause why the complaint should not be dismissed (Docket Entry No. 13), which was granted by order entered November 13, 2006 (Docket Entry No. 14). The plaintiff was given until November 28, 2006, to show cause why the case should not be dismissed for failure to prosecute. On November 29, 2006, the plaintiff responded, seeking an extension of time until December 4, 2006 (Docket Entry No. 15).

By order entered December 29, 2006 (Docket Entry No. 16), the Court granted the plaintiff an additional extension of time in which to file her motion for judgment on the administrative record through January 16, 2007, and expressly advised the plaintiff that if she failed to file her motion by this date, this Court would issue a report and recommendation, recommending that this case be dismissed for failure to prosecute.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). In addition, Rule 41(b) of the

Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). *See also Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).

The plaintiff has taken no further action, despite ample time to do so. She was well aware of her obligation to file a motion for judgment and has been given every opportunity to do so. The Court clearly advised her of the consequences of her failure to file a motion.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for her failure to comply with the order entered December 29, 2006, pursuant to Rules 16(f) and 37(b)(2(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully Submitted,

                                            _____
                                            JULIET GRIFFIN
                                            United States Magistrate Judge